**Walter (Sonny) GOSSETT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 13, 1966.

Fritz Krueger, Somerset, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

Appellant pleads for a reversal of his conviction and sentence of one year for the third violation of the local option liquor laws embodied in KRS 242.230 and 242.990. We consider only two of the points raised merit discussion.

First, it is insisted the evidence was insufficient to convict. The chief witness for the Commonwealth testified appellant, accompanied by his wife, drove up in front of her residence, paused momentarily until he had a rendezvous with two other men in another car. She said she was on her porch rocking her baby to sleep within about thirty feet of the cars when she saw appellant hand one of the occupants of the other car two half pints of what she took to be whiskey, with unbroken red seals thereon, and receive some money in return. She could not say how much. Her presence on the porch was hidden from their view. It is fair to assume the bottles were not empty. Appellant was not a messenger for a drugstore; and considering the nature of the transaction, it is also reasonable to infer that the meeting was duly appointed. In view of the reputation of appellant for dealing in liquor traffic, as evidenced by his two previous convictions, we conclude the evidence was sufficient to convict on the principal charge in the indictment.

It is next insisted that the Commonwealth's attorney was guilty of prejudicial misconduct in his closing argument with reference to the failure of appellant's wife to testify. This is what was said:

"All right, sir. Who was with Walter (Sonny) Gossett who did Mrs. Ping say was with him. When this transaction took place. Walter (Sonny) Gossett's wife, she is back here in the Courtroom now, she has been here all the time, Mr. Krueger, why didn't you put her on the witness stand and let her deny that these things took place there on that day. Iid (sic) a heap—I'd come a lot nearer, Mr. Surber, believing Sonny Gossett's wife under oath than I would these two characters they put up here, if she had come up here and told this Jury that that didn't happen, that she wasn't there and that Sonny Gossett wasn't there then you might have some room for reasonable doubt because I don't think she would come here and purjure (sic) herself and swear a lie on this witness stand, I know her well, I know her personally * * *."

It is written in KRS 421.210 (old Cr.Code 606) that "neither (husband or wife) may be compelled to testify for or against the other." Comments by the

Commonwealth's attorney on failure of the wife to testify or failure of the husband to call the wife as a witness are improper, prejudicial, and have been consistently condemned by this court. Cf. Sexton v. Commonwealth, 304 Ky. 172, 200 S.W.2d 290 (1947); and Coffey v. Commonwealth, Ky., 256 S.W.2d 379 (1953).

Not only were these comments improper, but "insult was added to injury" by the testimony (not under oath) of the Commonwealth's attorney in his closing argument to the effect that "he knew" the wife "well" and "personally" and that he didn't think she "would come here and purjure (sic) herself."

It is concluded the argument of counsel for appellee was improper and prejudicial to the substantial rights of appellant.

The judgment is reversed with directions to grant appellant a new trial.